Staples, J.,
delivered the opinion of the court.
The court is of opinion the chancery court did not err in fixing upon the 11th of December, 1875, as the period from which it was proper to charge the legatees *275 of Richard Morriss respectively, with interest upon any excess of advancements either of them may have received. The testator in the second clause of his will, gave to his wife an annuity for life of two and dollars, to be paid her in half yearly instalments, out of the rents and profits and income of his estate; and in order to secure its payment beyond any contingency, he directed that no sale of his real estate should take place as long as she should live.
By the fifth, sixth, seventh, and eighth clauses of his will the testator confirmed to his four children the advancement charged to them respectively, in his account book; that is to say, to Charles Y. Morriss, $31,000; to Robert E. Morriss, $34,000; to Mrs. Barrett, $32,891; and to Mrs. Hammond, $35,121. After these and other bequests he makes the following provision :
“ 9. What shall remain of my estate after my funeral charges, expenses of administration and debts, and the preceding devisees and bequests shall have been paid and satisfied, I direct to be so divided as that there shall be four shares; whereof the first, together with thirty-one thousand dollars, and any further advancement I may make hereafter to my son, Charles Y. Morriss; the second, together with thirty-four thousand dollars, and any further advancement I may hereafter make to my son, RobertR. Morriss; the third, together with thirty-two thousand eight hundred and ninety-one dollars, and any further advancement I may hereafter make to my daughter, Ann E. Barrett; and the fourth, together with thirty-five thousand and twenty-one dollars, and any further advancements I may hereafter make to my daughter, Marcella C. Hammond, shall severally and respectively be equal to one another.”
His language is—“ What shall remain of my estate after my funeral charges, expenses of administration and debts, *276 the preceding devises and bequests shall have been paid and satisfied.” It is apparent therefore that no final division of the estate could be made until these objects were ^mplished. The testator knew they would require time. lie knew the advancements made to some of his children were greatly in excess of those made to others. He was very accurate and careful in keeping his accounts with each of them, and very exact in prescribing the mode by which the deficiency in each case should be made up. Had it been his intention that either of the legatees should pay interest upon any excess received in the testator’s life time, it is fair to presume he would have so provided. The legatees were to be made equal it is true; not, however, by charging either with interest upon any excess, but by giving to all an equal share of the estate. And this is precisely what the law prescribes in cases of advancement, in the absence of any contrary provision by the testator. The property or money belongs to the legatee or distributee, and not to the estate of the decedent. The legatee or distributee is not accountable for interest, or for rents and profits, upon the amount received by him. If he can be held so liable at all for interest, it can only be from the time the estate is ready for a final distribution and division. See Cabell, ex’or, v. Puryear et als., 27 Gratt. 902.
The court is further of opinion, that the chancery court did not err in fixing upon the 11th of December, 1875, as the period for .a final distribution of the estate, among the parties entitled under the will. The commissioner to whom the whole matter was referred for investigation, has conclusively shown that the estate was in no condition for such distribution at an earlier day. The suit of Davis v. Morriss’ ex’ors was instituted in August, 1871, and was for an amount large and unascertained until by the decree of December, 1875, *277 the liability of tbe estate was determined to be 18,452.85, rendering necessary a sale of a portion of tbe real estate. Tbe commissioner states that other suits were pending and undetermined against tbe estate involving a large amount in tbe aggregate, which rendered impracticable any final division of tbe estate earlier than tbe 11th of December, 1875. Tbe facts stated by tbe commissioner are not controverted, and are conclusive of tbe correctness of tbe decree in this particular.
Upon tbe whole case tbe court is of opinion there is no error in tbe decree, and tbe same must therefore be affirmed.
Decree aeeirmed.